UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAYNE POOLE,<br><br>               Petitioner,<br><br>  vs.<br><br>J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP;<br><br>               Respondent. | 4:21-CV-04012-KES<br><br><br>ORDER |

**INTRODUCTION**

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by petitioner Donald Wayne Poole, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota.  See Docket No. 1.  In his petition, Mr. Poole admits he has not yet exhausted his administrative remedies provided by the Bureau of Prisons ("BOP").  Id.  A report and recommendation remains pending before the district court which recommends that Mr. Poole's petition be held in abeyance for a period of 120 days so that he can exhaust his administrative remedies.  See Docket No. 11, filed March 18, 2021.  The district court has not yet decided whether to adopt that recommendation.

Mr. Poole now files an emergency motion to be released pending the respondent's response to his petition.  See Docket No. 12.  Courts do have some discretion to grant bail to a habeas petitioner pending a decision on the merits, but the petitioner must show a substantial claim of law based on the facts and some circumstance making the request for bail exceptional and

deserving of special treatment in the interests of justice.  See, e.g. Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990).  Cf. Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) (holding court has inherent power to grant bail to a state prisoner pending a decision on the merits of his habeas petitioner if he shows a substantial federal constitutional claim that presents a clear case on the law and a clear, readily apparent, case on the facts as well as the existence of some circumstance which makes his request for bail exceptional in the interests of justice.)  Prisoners are rarely granted bail under this discretionary power of the court.  Martin, 801 F.2d at 329.

Mr. Poole has not shown either of these factors.  He cites to the increased risk of Covid infection among inmates, but if true, this is a circumstance attendant to every federal prisoner.  Mr. Poole's circumstances are not exceptional and deserving of special treatment as compared to all other federal prisoners.  Also, respondent has yet to address the merits of Mr. Poole's petition, so it is unknown whether he has presented a substantial claim of law based on the facts.

Based on the foregoing, it is

ORDERED that Mr. Poole's emergency motion for release (Docket No. 12) is denied.

DATED April 7, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge