UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WAYNE POOLE,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>J.W. COX, Warden,<br><br>　　　　　Respondent. | 4:21-CV-04012-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending before the court is a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 filed by petitioner Donald Wayne Poole, a person formerly incarcerated at the Yankton Federal Prison Camp in Yankton, South Dakota. See Docket No. 1.  Now pending is respondent's motion to dismiss Mr. Poole's petition on grounds that it is moot and the court lacks subject matter jurisdiction.  Docket No. 15.  Mr. Poole has not responded to the motion.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

At the time he first filed his petition, Mr. Poole was serving a 120-month term of incarceration imposed for conspiracy to distribute and distributing 50 grams or more of methamphetamine.  See Docket No. 10 at p. 2, ¶ 4; Docket No. 10-1 at p. 2.  Mr. Poole was released on November 15, 2021, via an early release under 18 U.S.C. § 3621(e) for successful completion of Residential Drug

Abuse Program (RDAP).  See Docket No. 10 at p. 2, ¶ 4.  He is ***not*** in pre-release BOP custody—he has been released entirely.  Id.  See also https://www.bop.gov/inmateloc/, last checked December 9, 2021.  Mr. Poole's petition sought immediate release, arguing that respondent should have credited him with earned credits under the First Step Act ("FSA").  See Docket No. 1.

## DISCUSSION

Federal courts are courts of limited jurisdiction—they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III.  Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803).  A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) challenges the court's authority and competence to hear the case pending before it.  5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1350, at 64 (3d ed. 2004); Yankton Sioux Tribe v. U.S. Army Corps of Eng'rs, 194 F. Supp. 2d 977, 983 (D.S.D. 2002).  "[I]t is a cardinal rule upheld by countless federal cases that [neither the court nor] the parties may not create or destroy jurisdiction by agreement or by consent."  5B Fed. Practice & Procedure, § 1350, at 128.  The issue of a federal court's subject matter jurisdiction, or lack thereof, is central to the tenets of judicial federalism, the distribution of judicial power between state and federal courts.  Id. at 120-33.

Although the federal habeas statute allows this court to entertain habeas petitions so long as the petitioner is in custody at the time he filed his petition, Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)), the

petition must continue to present an actual, ongoing case or controversy under Article III of the Constitution at all stages of the litigation in order for the court to continue to entertain the action. POET Biorefining-Hudson, LLC v. United States Environmental Protection Agency, 971 F.3d 802, 805 (8th Cir. 2020). The case or controversy requirement evaporates when something occurs to make it impossible for a court to grant any effectual relief to the party who filed the action. In re Security Life Ins. Co. of America, 228 F.3d 865, 870 (8th Cir. 2000). This state of affairs renders the action moot. POET, 971 F.3d at 805.

Here, Mr. Poole is not in pre-release status. He has been released. That fact distinguishes this case from the facts of Warhol v. Cox, 4:20-cv-04188-KES, Docket No. 35, p. 3 (D.S.D. Nov. 3, 2021), in which the court found the case was not moot because the petitioner therein remained in BOP custody in pre-release status. In Mr. Poole's case, it is no longer possible for this court to grant him any effectual relief since the relief he sought—release—has been granted. Accordingly, this court concludes this matter is moot and robs this court of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 15] and dismissing Mr. Poole's petition.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely

objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 9, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge